**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4604**

———————

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

PHILLIP ALAN SULLIVAN, a/k/a C.J., a/k/a
Harley Cole Thomason, a/k/a Phillip Allen
Sullivan,

                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-45)

———————

Submitted: June 24, 2005        Decided: August 25, 2005

———————

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Jeffrey B. Welty, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Phillip Alan Sullivan appeals the forty-six month sentence imposed after he pled guilty, pursuant to a written plea agreement, to conspiracy to make, possess, and utter counterfeit securities, defraud financial institutions, and falsely represent social security numbers, in violation of 18 U.S.C. § 371 (2000) (Count 1); aiding and abetting the possession and utterance of a counterfeit security on September 18, 2003, by Casey Anne Hartig using the name Betty Faye Bowman, in violation of 18 U.S.C. §§ 2, 513(a) (2000) (Count 3); and aiding and abetting Hartig's false representation of a social security number on August 7, 2003, in violation of 42 U.S.C.A. § 408(a)(7)(B) (West 2003), and 18 U.S.C. § 2 (Count 8).  Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Sullivan asserts on appeal that his sentence is unconstitutional but does not challenge the validity of his convictions.  We affirm Sullivan's convictions, vacate Sullivan's sentence, and remand for resentencing.

Sullivan contends that his sentence is unconstitutional in light of Blakely and Booker.  Because Sullivan preserved this issue by objecting to the presentence report based upon Blakely, this court's review is de novo.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely

and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo.").  When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness."  Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Sullivan under the mandatory federal sentencing guidelines and applied enhancements based on facts found by a preponderance of the evidence. Specifically, the court established a base offense level of six

_____

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(a)(2) and § 2X1.1(a) (2003). The court also imposed a six-level enhancement because the loss attributed to Sullivan was more than $30,000 but less than $70,000, see USSG § 2B1.1(b)(1)(D); a two-level enhancement because "the offense otherwise involved sophisticated means," USSG § 2B1.1(b)(8)(C); a two-level enhancement because "the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to . . . obtain any other means of identification[,]" USSG § 2B1.1(b)(9)(C)(i); a two-level enhancement for Sullivan's role in the offense as a leader or organizer, see USSG § 3B1.1(c); and a three-level downward adjustment for acceptance of responsibility, see USSG § 3E1.1. These findings yielded a total offense level of fifteen.

Our review of the record in this case convinces us that at least one Sixth Amendment violation occurred with respect to Sullivan's sentencing. Specifically, Sullivan did not admit facts at the plea hearing to support the two-level enhancement premised on the sophisticated nature of the offenses. As a result, the district court's imposition of this enhancement violated the Sixth Amendment.[2]

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Sullivan's sentencing.

Accordingly, we affirm Sullivan's convictions, vacate Sullivan's sentence, and remand for resentencing.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[3]Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] [g]uidelines and take them into account when sentencing."  125 S. Ct. at 767 (Breyer, J., opinion of the Court).  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Hughes, 401 F.3d at 546.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 547.